CHRISTOPHER R. BENSON
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Avenue, Suite 2400
Austin, Texas 78701-2978
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
cbenson@fulbright.com

Attorneys for Plaintiff Elcommcerce.com, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elcommerce.com, Inc.,<br><br>      Plaintiff,<br><br>    v.<br><br>SAP AG and SAP America, INc.,<br><br>      Defendant. | Civil Action No. No. 2:09–CV–04458–JD<br><br>In the Eastern District of Pennsylvania<br><br>**<u>REDACTED PUBLIC VERSION</u>**<br><br>**BRIEF IN SUPPORT OF ELCOMMERCE'S MOTION TO COMPEL FLEXTRONICS** |

Pursuant to Federal Rules of Civil Procedure 30(b)(6), 37 and 45, elcommerce.com, Inc. ("elcommerce") moves to compel discovery from Flextronics America, LLC ("Flextronics"). This motion should be granted because Flextronics has not complied with its obligations under the subpoena and FRCP 30(b)(6) by refusing to or limiting answers to relevant questions without valid objections and by failing to produce relevant documents.

Counsel for elcommerce Reid Bumgarner has met and conferred by telephone and by e-mail with counsel for Flextronics Michael J. Duquella on several occasions in an attempt to resolve this third party discovery dispute, the last

DOCUMENT PREPARED ON RECYCLED PAPER

of which was December 14, 2010. The parties were not able to come to resolution. Correspondence reflecting these discussions are set forth in Exs. H and J.

## I. INTRODUCTION

The case is pending in the United States District Court for the Eastern District of Pennsylvania before Judge Jan E. DuBois. elcommerce sued SAP AG and SAP America, Inc. (collectively "SAP") for infringement of United States Patent No. 6,947.903, entitled "System and Method For Monitoring a Supply Chain"('903 Patent), by directly infringing in violation of 35 U.S.C. §271(a) and by inducing others to infringe in violation of 35 U.S.C. §271(b). *See* Ex. A (elcommerce's Original Complaint). Elcommerce asserts that certain SAP Supply Chain Management (SCM) software (e.g. ICH, SNC, SCEM, ETL) and Netweaver (including BI/BW and XI/PI modules) (Collectively Accused SAP Software) as well as other SAP software infringes various claims of the '903 Patent.

During discovery, SAP asserted ███████████████████████████████████████████████████████████████████████████████████. SAP has produced documents showing ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

On August 9, 2010, based on SAP's sworn testimony and documents, elcommerce subpoenaed Flextronics requesting documents and testimony related to Flextronics's purchase and implementation of the accused SAP products (the "Subpoena"). Ex. D. Flextronics provided objections on August 23, 2010. Ex. E.

On October 25, Flextronics provided ███████████████████████████████████████████████

---

[1] Flextronics acquired Selectron Corporation in 2007.

70938440.1


1  [REDACTED]
2  [REDACTED]
3  [REDACTED]
4        On November 18, 2010, Flextronics provided Jason Schreiber as its 30(b)(6)
5  designee for all topics. *See* Ex. F. Mr. Schreiber was unprepared or instructed by
6  counsel not to answer questions on several subpoena topics. *See id.* Moreover, Mr.
7  Schreiber testified [REDACTED]
8  [REDACTED]
9        Thus, Flextronics has failed to comply with its document production and
10 testimony obligations as to a number of topics of the subpoena. The parties are
11 unable to reach an agreement regarding McKesson's obligations to comply with
12 elcommerce's Subpoena necessitating this motion. *See* Fed. R. Civ. P. 45(c).
13
14 **II.   DISCOVERY SOUGHT**
15       elcommerce seeks the following categories of documents and testimony from
16 Flextronics, as more specifically set forth in elcommerce's deposition and
17 document Subpoena:
18    • Installation, implementation, configuration, and use of the Accused SAP
19      Software by Flextronics, including use of ICH/SNC and Netweaver in
20      connection with other SAP software.
21    • Identification of other entities in the supply chain and technical descriptions
22      of information exchange between those entities and Flextronic's system
23 *See* Ex. D (elcommerce Subpoena).
24       Flextronics' attorney instructed the witness not to answer any questions
25 regarding the identify any entities in its supply chain, citing the company's right to
26 "financial privacy," despite the existence of a protective order in this case. *See* Ex.
27 F at 80. He also instructed the witness not to answer questions on multiple
28 technical topics as "outside of the scope," as though the deposition exhibits

themselves illustrated the relevance of the questions. Further, the witness was unable to testify as to ████████████████████████████████████ ████████████████████████████████████ ████ showing an unexcused lack of preparation. *See id.* at 81-82. Flextronics has no legitimate basis for refusing to comply with the subpoena because it had possession of the information sought and compliance was not unreasonable.

## III.   ARGUMENT AND AUTHORITIES

### A.   Federal Rules Allow for Discovery From Non-Parties

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena commanding a non-party to produce and/or permit inspection and copying of documents and tangible things in its possession, custody or control. *See* Fed. R. Civ. P. 45. A non-party may be compelled to produce documents in accordance with this Rule. *See* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.").

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). Rule 45 of the Federal Rules of Civil Procedure provides for the service of a subpoena to produce and permit inspection, copying, testing, or sampling of designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1). Federal Rule of Civil Procedure 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of a party. Moreover, Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 45's scope is not without limitation, and the rule requires that a

subpoena not impose undue burden or expense on persons required to respond. *See* Fed. R. Civ. P. 45(c). The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *See Wauchop v. Domino's Pizza, Inc.*, 139 F.R.D. 539, 543 (N.D. Ind. 1991). Flextronics has not and cannot meet this burden.

### B.  Elcommerce Only Seeks Information that SAP Asserts it Does Not Have

Flextronics objects that elcommerce's information requests are too broad and burdensome "to the extent the deposition topics and documents requests seek document(s) and information that are more easily obtained from a party to the above-captioned litigation or is available from public sources." *See* Ex. E at 2. Flextronics's objection ignores SAP's sworn testimony ███████████████████████████████████████████ As such, Flextronics is an indispensible source for requested information according to SAP's sworn testimony

Rule 26(b)(2)(C) provides that discovery shall be limited if the burden or expense of the proposed discovery outweigh its likely benefits, taking into account the needs of the case. SAP has maintained in the underlying litigation that only its customers (e.g., Flextronics) possess the information elcommerce seeks, by testifying it has no information about how other entities implement the accused SAP software (e.g. connect the software to suppliers).



1
2
3
4
5
6
7
8

9       Similarly, Joshua Clark of SAP, a former Flextronics executive responsible
10 for FSP, stated ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
11 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
12 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
13 ▬▬▬▬▬▬▬▬▬

14      Thus, Flextronics must furnish documents and a properly prepared 30(b)(6)
15 witness to testify about its installation, implementation and configuration of the
16 accused products. As shown above, the information requested is extremely relevant
17 and necessary to elcommerce's infringement and damages claims against SAP.
18 Thus, the information requested should be produced.

19     C.   **Flextronics's Confidential Information is Protected from**
20         **Disclosure**

21      Flextronics's objections based on "financial privacy" are questionable on
22 their face, and unsupported because the Protective Order entered on March 4th,
23 2010 (the "Protective Order"), covers any confidential information that Flextronics
24 may have to produce. *See* Ex. D (Attachment C). elcommerce advised Flextronics
25 of the Protective Order in the Subpoena. Id. (cover letter) (stating "The Protective
26 Order in this case is attached … [and] permits you to designate your confidential
27 information as Confidential or Highly Confidential – Attorneys' Eyes Only as
28 appropriate").

Moreover, the Protective Order specifically provides protection of non-party's testimony and documents stating:

> All information, testimony, things or documents filed with the Court or produced or given (either by a party **or by a non-party**) as part of discovery in this action shall be governed by this Protective Order ("Covered Matter"), including documents and things, portions of documents, electronically stored information, answers to interrogatories, responses to requests for admissions of fact, depositions, transcripts of depositions, portions of briefs, memoranda or writings filed with or otherwise supplied to the Court, and technical or commercial information derived there from deemed by any entity producing that information to be confidential information.

*Id.* (Attachment C, pg 2). As such, Flextronics may designate its document and witness production under the Protective Order already in place to preserve confidentiality.

At the deposition, Flextronics' attorney specifically acknowledged the protective order, but instructed Mr. Schreiber to not answer any questions regarding supply chain entities exchanging information with Flextronics' SNC system:



[Text redacted on lines 1-11]

As an initial matter, it is unclear how a company [redacted] could be "financial information." *Compare to In re Yassi*, 225 B.R. 478, 483 (Bankr. C.D. Cal. 1998) (holding right to privacy in financial records does not preclude discovery of bank records). Moreover, a large number of Flextronics' supply chain partners are publicly known, and thus even if some privilege exists, it has been waived. *See, e.g.* http://en.wikipedia.org/wiki/Flextronics#Customers (collecting citations to various public articles on Flextronics' customers).

Regardless, even to the extent Flextronics had some valid claim of "financial privilege," the facts that (1) the withheld information is relevant, important, and only available through Flextronics, and (2) the multi-level protective order adequately protects Flextronics' information override any such privilege claim. *See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) ("plaintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the impact of the disclosure of the information can be protected by a carefully drafted protective order.").

Separately, Flextronics' counsel has stated [redacted]

1
2
3
4 ████████████████████████ Once again, any confidentiality considerations
5 should be addressed by the protective order.
6     The protective order in place in the underlying litigation is adequate to
7 address Flextronics's concerns regarding any alleged confidential or highly
8 confidential information as Flextronics learned in elcommerce does not intend to
9 use Flextronics's documents other than in the underlying litigation.

10     **D.**    **Flextronics Has Failed to Provide Adequate Discovery on its**
11     **Implementation of ICH/SNC**

12         1.    **Flextronics' Document Production is Inadequate**
13 Flextronics produced ████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ████████████████████████ Thus, Flextronics has produced
18 ZERO documents that can be confirmed to show the architecture of Flextronics'
19 FSP (ICH/SNC) system and ZERO documents illustrating how its supply chain
20 partners exchange data with the system.
21     Flextronics' counsel has claimed that Flextronics has no additional
22 documentation, but such a claim is belied by public documents on its website. For
23 example, Flextronics' website includes a "Flextronics Supplier Portal (FSP)
24 Communication Agreement" directed to suppliers that Flextronics would like to use
25 its FSP system:
26
27     The purpose of this letter is to inform you of the program and **obtain information about how you will transact with Flextronics** (EDI and/or Web portal).... Supplier is required to inform Flextronics in
28     writing by filling out and returning the attached form, whether the

DOCUMENT PREPARED ON RECYCLED PAPER

1
2      supplier will use EDI or the Web portal for each transaction listed. The
       Supplier may use EDI for some transactions and Web for others if
3      desired, or they can use the Web for all transactions.

4  Ex. M at 1. This document *indicates* that Flextronics collects information as to how

5  each of its suppliers connects to its system. Yet, Flextronics has not produced this

6  documentation. Furthermore, Flextronics' public website also includes a document

7  entitled "Flextronics Supplier Portal Overview" that on its face was updated as the

8  deposition was taking place in "November 2010" and includes more detail than any

9  document produced by Flextronics. *See* Ex. N.

10          2.      **Mr. Schreiber was Ill Prepared**

11        In addition to the issues discussed above in which Mr. Schreiber was ordered

12  not to respond to questions, Mr. Schreiber was unable to provide meaningful

13  testimony on how Flextronics' suppliers connect to the system:

14  [REDACTED]

15  [REDACTED]

16  [REDACTED]

17  [REDACTED]

18  [REDACTED] As shown above, Flextronics has this information, but its witness

19  was not prepared to testify as to that knowledge of the company.

20         Moreover, even when Mr. Schreiber answered questions, his answers could

21  not be reconciled with the documents before him and those publicly available,

22  making his answers, and the preparation behind those answers, dubious. As an

23  example, Mr. Schrieber [REDACTED]

24  [REDACTED]
25  [REDACTED]
26  [REDACTED]
27  [REDACTED]
28  [REDACTED]

1 ███████████████████████████████████████████
2 ███████████████████████████████████████████
3 ████████████████████████ If Mr. Schrieber's testimony was informed and
4 accurate, this form would make no sense. Furthermore the Supplier Portal Program
5 Overview document on Flextronics' website, updated in November 2010, includes
6 those same slides ████████████████████████████ That same
7 document repeatedly states that the FSP (ICH/SNC) system is able to exchange
8 information in "multiple formats: An online web portal [and] EDI." *Id.*
9      Additionally, Mr. Schrieber ████████████████████████
10 ███████████████████████████████████████████
11 ███████████████████████████████████████████
12 ███████████████████████████████████████████
13 ████████████████████████

     3.    **Flextronics' Own Documents Define the Relevant "Scope"**

Deposition Matter No. 4 recites "installation and/or implementation of the SAP SCM software in your supply chain." Ex. 4. Similarly, Document Request No. 3 recites, in part, "documents sufficient to show the configuration of your supply chain including where SAP SCM software is installed at your facilities," and Document Request No. 4 recites, in part, "documents related to the presence and use of SAP SCM Software within your supply chain." *Id.* "SAP SCM Software" is defined "including but not limited to SMC, ICH, SNC, SCEM" and "Net Weaver (e.g. BI, BW, XI, PI, ETL)." *Id.* To fully comply with these requests, Flextronics must provide information on the environment in which various SAP SCM software components, such as ICH/SNC, exist within Flextronics' system. Yet, Flextronics' attorney instructed Mr. Schrieber not to answer questions as "outside the scope" on at least two subjects, even when presented with documents illustrating the relevance of the questions.

First, Flextronics' attorney instructed Mr. Schreiber not to answer any

DOCUMENT PREPARED ON RECYCLED PAPER



| | |
|---|---|
| 1 | questions ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 2 | |
| 3 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 4 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 5 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 6 | ▅▅▅▅▅▅▅▅▅▅▅ |
| 7 | ▅▅▅▅▅▅▅ |
| 8 | ▅▅▅▅▅▅▅▅ |
| 9 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 10 | ▅▅▅▅▅▅ |
| 11 | ▅▅▅▅▅ |
| 12 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 13 | ▅▅▅▅▅▅▅ |
| 14 | ▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 15 | ▅▅▅ |
| 16 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 17 | ▅▅▅ |
| 18 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 19 | ▅ |
| 20 | ▅▅▅▅▅▅▅▅▅▅▅▅ |
| 21 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 22 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 23 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 24 | |
| 25 | ▅▅▅▅▅▅▅ elcommerce's attorney then ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 26 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 27 | ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |
| 28 | Mr. Schrieber ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ |

|   |   |
|---|---|
| 1 | ███████████████████████████████████████ |
| 2 | ███████████████████████████████████████ |
| 3 | ███████████████████████████████████████ |
| 4 | ████████████████████ |
| 5 | Next, Flextronics' attorney instructed the witness not to answer questions |
| 6 | ███████████████████████████████████████ |
| 7 | ████ |

███████████████████████████████████████
█
███████████
███████████████████████████████████████
█
███████████████████████████████████████
█
████████████████████
████████████████████
███████████
███████████████████████████████████████
█
███████████████████
███████
███████████████████████████
███████████████████████
██████
██████████████████
███████████████████████████████████████
███████████████████████████████████████

[lines 1–5 redacted]

## IV. CONCLUSION

The documents and testimony sought by elcommerce are relevant and important to its case and do not place an unnecessary burden on Flextronics. Thus, elcommerce requests that the Court grant this Motion to Compel, overrule Flextronics's objections, and order Flextronics to produce a witness and documents responsive to elcommerce's Subpoena served under Rule 45.

Dated:      December 22, 2010

Respectfully submitted,
CHRISTOPHER R. BENSON
**FULBRIGHT & JAWORSKI L.L.P.**

By _/s/ Christopher R. Benson_
CHRISTOPHER R. BENSON
Attorneys for Plaintiff
Elcommcerce.com, Inc.

**CERTIFICATE OF SERVICE**

I certify that this pleading was served in accordance with the Federal Rules of Civil Procedure on all known counsel of record on January 10, 2011.

_____
Christopher R. Benson