Michel J. Duquella (Bar No. 174947)
Michel.Duquella@flextronics.com
847 Gibraltar Drive
Milpitas, CA 95035
Telephone: (408) 577-4087
Facsimile: (408) 935-8147

Attorney for Third Party Flextronics America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELCOMMERCE.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAP AG AND SAP AMERICA, INC., <br><br> Defendants. | CASE NO. 10-80321 MISC JSW (EMC) <br> (Civil Action No. 2:09-CV-04458-JD (E.D. Pa.)) <br><br> **<u>REDACTED PUBLIC VERSION</u>** <br><br> **FLEXTRONICS AMERICA LLC'S OPPOSITION TO ELCOMMERCE'S MOTION TO COMPEL FLEXTRONICS** <br><br> Date: February 23, 2011 <br> Time: 10:30 a.m. <br> Place: Courtroom C, 15th Floor <br> Judge: Magistrate Judge Edward M. Chen |

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED.....................................................1

III. SUMMARY OF THE PERTINENT FACTS..................................................................2

IV. ARGUMENT...................................................................................................................4

    A. elcommerce's Motion Violates This Court's Local Rule 37 ...................................4

    B. elcommerce Seeks Discovery That Is Available from SAP ....................................4

    C. Flextronics Has Met Its Discovery Obligations.......................................................5

        1. Flextronics Has Already Produced All Relevant Documents and a Witness Pursuant to Its Agreement with elcommerce ................................5

        2. elcommerce's Arguments Regarding Flextronics' Document Production Are Without Merit.......................................................................6

        3. Mr. Schreiber Was the Most Knowledgeable Witness and Was Prepared to Answer elcommerce's Questions .............................................8

    D. The Proposed Remedy Is Overbroad and Violates the Parties' Agreement ............9

V. CONCLUSION................................................................................................................9

## I. INTRODUCTION

elcommerce.com, Inc.'s ("elcommerce") motion, which was filed without properly meeting and conferring with Flextronics, seeks to redepose non-party Flextronics America, LLC ("Flextronics"), and seeks documents and information that have already been produced, are outside the scope of the parties' agreed upon narrowing of the overbroad subpoena served by elcommerce, or are irrelevant and disproportionate to the burden of obtaining them. This request comes despite the fact elcommerce has already received testimony regarding Flextronics from three witnesses of parties SAP AG and SAP America, Inc. (collectively "SAP"), has received all relevant documents from Flextronics, and has deposed a Flextronics corporate witness.

Specifically, in order to resolve all of elcommerce's outstanding discovery requests, elcommerce and Flextronics came to an agreement to narrow the scope of the subpoena to subject matter relating to Flextronics' configuration and use of specific SAP software. Relying on that agreement, Flextronics produced all relevant documents, provided elcommerce access to Flextronics' secured website used by its suppliers, including numerous user guides and video demonstrations relating to the software, and produced a corporate witness to answer questions regarding the agreed upon narrow topics. Now, not satisfied with the information it obtained during the deposition of Flextronics, and not satisfied with the testimony it received from three witnesses of a party to the litigation, elcommerce requests a fifth chance to ask new questions and seeks discovery beyond the scope that it agreed to with Flextronics and even beyond the scope of the original overbroad subpoena.

Simply because elcommerce does not like the information it received after deposing several witnesses, it should not have the opportunity to further burden non-party Flextronics. Moreover, as Flextronics has explained to elcommerce, it has produced all relevant documents that it possesses. As such, elcommerce's motion should be denied.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Whether this Court should deny elcommerce's motion to compel additional documents and re-depose non-party Flextronics given that Flextronics has produced all relevant documents it possesses and has been deposed already.

## III. SUMMARY OF THE PERTINENT FACTS

elcommerce's motion stems from litigation with SAP pending in the Eastern District of Pennsylvania. Although elcommerce filed the case in August 2007, it waited until one month before the end of discovery (i.e., September 10, 2010) to serve Flextronics (an SAP customer) with a subpoena for documents and testimony relating to, *inter alia*, Flextronics' use of SAP's Supply Chain Management (SCM) software. (*See* Declaration of Christopher R. Benson in Support of elcommerce's Motion to Compel Flextronics ("Benson Decl."), Ex. D.) Flextronics timely served its responses and objections to elcommerce's subpoena on August 23, 2010, including that the scope of the discovery elcommerce was seeking was unduly broad. (*See id.*, Ex. E.) By early September, elcommerce had already deposed three SAP witnesses that testified and/or had information regarding Flextronics' use of SAP's SCM software, one of which was a former Flextronics employee and another which ███████████████████████████████████████ ████ (*See* Declaration of Michel Duquella in Support of Flextronics America LLC's Opposition to elcommerce.com, Inc's Motion to Compel ("Duquella Decl."), Exs. 3-5.)

In October 2010, elcommerce contacted Flextronics to discuss the subpoena. (*See* Duquella Decl. ¶ 3.) Flextronics worked with elcommerce in an attempt to find an amicable resolution. Specifically, in house counsel for Flextronics, Michel Duquella, had a discussion with counsel for elcommerce, Reid J. Bumgarner, during which counsel for elcommerce agreed that the subpoena served on Flextronics was overbroad and should be narrowed. (*Id.*; *see also id.*, Ex. 1, Jason Schreiber Dep. Tr., at 9:15-10:14.) As a result, the parties agreed to narrow the scope of discovery to Flextronics' configuration and use of SAP's Supply Network Collaboration (SNC), which was formerly known as Inventory Collaboration Hub ("ICH"), and that Flextronics need not disclose a list of all its customers or suppliers. (*Id.* ¶ 3; *see also id.*, Ex. 1 at 22:17-20; 78:15-79:6.) Flextronics also produced documents, including its agreements with SAP, and provided elcommerce access to its secured website used by its suppliers. The website, in turn, included numerous technical user guides and video demonstrations relevant to the agreed discovery. (*See id.*, Ex. 1 at 42:17-44:10.)

On November 18, 2010, Flextronics produced Mr. Jason Schreiber, the most knowledgeable person at Flextronics about Flextronics' use of SNC, who testified on behalf of Flextronics under Federal Rule of Civil Procedure 30(b)(6). During the deposition, elcommerce's counsel marked forty-one exhibits, and elicited testimony regarding Flextronics' use of ICH/SNC and how Flextronics' suppliers interact with SAP's SNC software. In addition, and in violation to the agreement between the parties, elcommerce repeatedly asked questions beyond the agreed scope of discovery. For example, over objections, elcommerce attempted to skirt the parties' agreement that Flextronics would not have to disclose the identities of its customers and suppliers and asked questions about other SAP products, such as CRM and SRM, which are different products than SAP's SCM. (*See, e.g.*, Duquella Decl., Ex. 1 at 68:24-69:20; 69:24-71:10; 78:7-79:14.)

On December 6, 2010, elcommerce's counsel sent a letter to Flextronics' corporate counsel, Mr. Michel Duquella, requesting further deposition testimony and documents. (*See* Benson Decl., Ex. J.) In addition to seeking information that Mr. Duquella already indicated did not exist, elcommerce sought discovery that was broader than the scope of the original subpoena and the parties' agreement. (*See id.*) For instance, the original subpoena requested information relating to SAP's SCM software and the parties' agreement limited the scope of the subpoena to ICH/SNC, a component within SCM. elcommerce's December 6th letter, however, requested discovery on SAP's SRM and CRM, which as noted, are different products than SAP's SCM. (*See* Duquella Decl., Ex. 2, showing SAP Customer Relationship Management (CRM) and Supplier Relationship Management (SRM) as software solutions on the same level, and distinct from, SAP's SCM solution.) On December 14, 2010, Mr. Duquella responded to elcommerce's requests, including providing elcommerce with further information. (*See* Benson Decl., Ex. G.) To ensure there were no further misunderstandings, Mr. Duquella asked elcommerce's counsel to contact him if there were any further questions about these issues. (*Id* at 2.) Without responding to Mr. Duquella's request, and without ever talking with him, elcommerce filed its motion to compel.

3

FLEXTRONICS' OPP. TO MOT. COMPEL
Case No. 10-80321 MISC JSW (EMC)

## IV. ARGUMENT

### A. elcommerce's Motion Violates This Court's Local Rule 37

elcommerce's motion violates local Rule 37-1(a) which requires that the "Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." elcommerce's efforts to resolve the issues in its motion were limited to a single letter. (*See* Benson Decl., Ex. J.) Flextronics' counsel responded in kind, addressing each of elcommerce's concerns. (*See id.*, Ex. G.) To ensure each of elcommerce's concerns were addressed, Flextronics' counsel even asked if elcommerce disagreed with him with respect to one issue and to contact him if there were further questions about any issue raised by elcommerce. (*Id.* at 2.) Not receiving a response, Flextronics assumed the dispute to be settled. However, to Flextronics' surprise, elcommerce filed its motion to compel without informing Flextronics that it disagreed with Flextronics' positions and without providing any information as to the alleged relevance of the requested listing of all of Flextronics' suppliers. Accordingly, this Court should deny elcommerce's motion for this reason alone.

### B. elcommerce Seeks Discovery That Is Available from SAP

Rule 45 requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). elcommerce has failed to do so. Flextronics is not a party to the underlying litigation, and as such, should not be burdened with discovery requests for information that can be obtained from a party.

Moreover, elcommerce's argument that it seeks information SAP does not have is incorrect. In fact, elcommerce has already deposed three SAP witnesses who testified regarding Flextronics' configuration and use of SAP software. On September 9, 2010, elcommerce deposed former Flextronics employee, Mr. Joshua Clark, who was ███████████████████ ███████ as recently as one year ago. (Benson Decl., Ex. 3, Clark Dep. Tr. at 8:23-9:3, 11:16-20.) Contrary to elcommerce's assertion that Mr. Clark did not testify regarding Flextronics, nearly his entire deposition was devoted to testifying on Flextronics' configuration and use of SAP software.

(*Id.* at 52:8-16, 75:11-76:4, 77:16-25, 95:1-23.) Additionally, on September 8, 2010, elcommerce deposed Mr. Kenton Harman, who is an SAP employee that was ███████████████. (Benson Decl., Ex. 4, Harman Dep. Tr. at 112:13-113:5, 191:3-5, 191:23-192:5.) elcommerce chose to ask Mr. Harman very few questions regarding Flextronics, despite knowing ███████████████. (*Id.* at 190:16-192:20) Finally, in its motion elcommerce cites to the testimony of SAP's corporate witness, Mr. Mark Averskog, but fails to mention that he ███████████████. (Benson Decl., Ex. 5, Averskog Dep. Tr. at 163:21-164:14; 164:19-168:4, 179:6-13.)

Thus, in direct violation of Federal Rule of Civil Procedure 45(c)(1), not only did elcommerce have less burdensome means of acquiring the information it now seeks, *i.e.*, directly from SAP, it has actually already acquired this information from its depositions of SAP, let alone its deposition of Flextronics. As such, the motion should be denied for this additional reason.

### C. Flextronics Has Met Its Discovery Obligations

Finally, elcommerce's motion should be denied because Flextronics has met its discovery obligations and elcommerce's arguments to the contrary are without merit.

#### 1. Flextronics Has Already Produced All Relevant Documents and a Witness Pursuant to Its Agreement with elcommerce

elcommerce allegedly seeks two categories of documents and testimony from Flextronics. (Mot. at 3.) But, inexplicably, elcommerce fails to inform the Court that the scope of the subpoena was substantially narrowed by agreement of the parties, despite a clear awareness that the issue was raised during Mr. Schreiber's deposition. (Duquella Decl. ¶ 3; *see also id.*, Ex. 1 at 9:15-10:14; 22:17-20; 78:15-79:6.) Rather than the overbroad topics originally requested by elcommerce and that are now being asserted in its motion (*e.g.*, SRM, CRM, SCEM, ETL, and BI/BIW), the parties agreed to limit the scope of the subpoena to Flextronics' configuration and use of SAP's ICH/SNC software. (*Id.*) Consistent with that agreement, Flextronics produced documents relevant to the narrowed scope of the subpoena, including agreements with SAP relating to ICH/SNC, an

5

FLEXTRONICS' OPP. TO MOT. COMPEL
Case No. 10-80321 MISC JSW (EMC)

architectural diagram relating to Flextronics' implementation of ICH, and access to a secured website including numerous user guides and video demonstrations relating to supplier use of Flextronics' software called FSP. (*See id.* ¶¶ 4, 6.) Further, despite elcommerce having already received testimony regarding Flextronics directly from SAP, Flextronics agreed to produce and elcommerce deposed a corporate witness knowledgeable on Flextronics' use of SAP's ICH/SNC software. (*See id.*, Ex. 1; *id.* ¶¶ 7, 8.) Thus, elcommerce's motion should be denied given Flextronics has produced all the relevant documents and has already provided a witness knowledgeable on the agreed-upon topics.

### 2. elcommerce's Arguments Regarding Flextronics' Document Production Are Without Merit

elcommerce's arguments about deficiencies in Flextronics' document production are meritless. elcommerce complains that Flextronics has not identified each of its suppliers by name, but Mr. Schreiber testified at length regarding how its suppliers use Flextronics' system. (*See, e.g., id.*, Ex. 1 at 29:10-30:11; 36:14-37:20; 38:21-39:23.) elcommerce has failed at any time to explain how a list of supplier names is relevant, especially given ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as testified to by Mr. Schreiber. (*Id.* at 83:3-21.) Moreover, to produce such a list would be extremely burdensome, as Flextronics is extremely decentralized and has hundreds of corporate sites that in total use thousands of different suppliers. (*Id.* ¶ 11.) As a result, it would take weeks of concerted effort to generate such a list. (*Id.*) This information is also extremely sensitive to Flextronics, as sourcing and pricing of parts is a crucial element of Flextronics' business that provides it with a significant competitive advantage. (*Id.* ¶ 10.) Disclosure of all of Flextronics' suppliers, as is being requested by elcommerce, would place Flextronics at a significant disadvantage and could even jeopardize its relationship with its customers or suppliers. (*Id.*) As such, Flextronics should not be required to divulge this information when it is completely irrelevant to the underlying litigation. elcommerce has simply failed to meet its burden under Local Rule 37-2 to detail the basis of its contention that it is entitled to a list of all of Flextronics' suppliers or that such a request meets proportionality requirements. elcommerce's argument that the identity of all of Flextronics' suppliers is publicly available is absolutely incorrect,

and the citation relied upon by elcommerce as proof of the availability of the identity of Flextronics' suppliers is inapposite as it clearly identifies those companies as "Customers," not suppliers. (Mot. at 8.)

elcommerce also asserts that Flextronics should have additional documents. (Mot. at 8-10.) But Flextronics has produced all relevant documents that it located after a reasonable search. (Duquella Decl. ¶ 9.) As discussed above, these documents included agreements between Flextronics and SAP, emails regarding these agreements, access to Flextronics' secure supplier portal, which included numerous guides and videos on the use SAP's ICH/SNC software, and an architectural diagram. elcommerce's argument that Flextronics has produced "ZERO" documents showing how suppliers use Flextronics' system is also incorrect and surprising. (Mot. at 9.) The numerous user guides and videos located on Flextronics' secure supplier portal contain this very information. Indeed, elcommerce marked some of these documents at Mr. Schreiber's deposition.

elcommerce also complains about the produced architectural diagram because Mr. Schreiber ███████████████████████████████████████. (*See* Mot. at 9.) But Mr. Schreiber provided detailed testimony about the document and how suppliers actually exchange data with Flextronics' system in relation to the components shown in the architecture document. (*See, e.g.*, Duquella Decl., Ex. 1 at 48:13-52:14.) Moreover, elcommerce deliberately chose not to ask Mr. Schreiber to clarify ████████████████████, and so should not now be able to hold this against Flextronics. (*See id.*) Furthermore, Flextronics' counsel explained to elcommerce's counsel that Flextronics does not have any other documents illustrating the architecture of Flextronics' use of SAP's ICH/SNC. (*Id.* ¶ 4.)

Finally, the lone specific document that elcommerce requests is a third party document of Bristlecone and it has been produced.[1] (*See id.*, Ex. 6.)

---

[1] The single Bristlecone document at issue could not be produced prior to the deposition because producing it required Bristlecone's consent. (*See* Duquella Decl., Ex. 6 at 2.) Flextronics informed elcommerce that it was obtaining Bristlecone's consent, but elcommerce chose to proceed with Mr. Schreiber's' deposition rather than wait on the document's production. (*Id.* ¶ 8.) Flextronics has since received Bristlecone's approval and has produced the document. (*Id.*)

### 3. Mr. Schreiber Was the Most Knowledgeable Witness and Was Prepared to Answer elcommerce's Questions

elcommerce argues that Mr. Schreiber was not knowledgeable on the agreed topics, but this is not the case. He was the most knowledgeable witness to testify on the agreed-upon topics and was fully prepared. (*See id.* ¶ 7.) Furthermore, it is surprising that elcommerce would now argue that Mr. Schreiber was not knowledgeable, given that elcommerce independently identified him as the most knowledgeable witness on the agreed topics and requested he be Flextronics' corporate witness. (*See id.*) elcommerce's assertion regarding Mr. Schreiber's lack of knowledge is also contradicted by his testimony. He testified at length regarding Flextronics' use of SAP's ICH/SNC software with its suppliers. (*See, e.g., id.*, Ex. 1 at 36-40.) elcommerce's counsel also marked twenty-two of the produced user guides as exhibits during Flextronics' deposition, which contained detailed information on how suppliers use Flextronics' FSP system. (*See id.* at 2:17-4:18.) Despite having those documents available, elcommerce chose not to ask a single substantive question on any of the user guides. Instead, elcommerce's counsel stated "I don't think we should go through them all," before moving on to other topics and never returned to those documents. (*Id.* at 46:5-47:13.) Flextronics should not be further burdened simply because elcommerce chose not to inquire on the information it was given.

Moreover, the lone quotation provided by elcommerce regarding Mr. Schreiber's preparation is taken out of context and simply shows what he later attempted to explain to elcommerce, namely that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. (*Id.* at 83:18-21.) That Mr. Schreiber did not testify regarding ▬▬ specifically is irrelevant, given that he testified at length concerning how Flextronics' suppliers interact with its system, and elcommerce was provided with numerous user guides on how these suppliers use the system. (*See, e.g., id.* at 36-40.)[2]

Finally, elcommerce's only other complaint regarding Mr. Schreiber concerns topics that are outside the scope of the agreed topics. For example, elcommerce complains that Mr. Schreiber did not testify regarding ▬▬▬▬ but Mr. Schreiber testified that it "▬▬▬▬▬▬▬▬▬▬

---

[2] Mr. Schreiber explained ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. (*Id.* at 14:9-15:13.)

1 ▮." (*Id.* at 125:21-22, 129:1-24.) Similarly, elcommerce also complains that Mr. Schreiber did not testify regarding "SRM," but this was also outside the scope of the agreed topics and is not even covered by the original subpoena, which elcommerce agreed was already overbroad. (*Id.* at 69:16; *See also id.*, Ex. 2, showing SRM distinct from SCM.) In addition, like it did at the deposition, elcommerce goes as far as to allege that SRM is part of SCM. (Mot. at 13-14.) Not so. As explained above and as Mr. Schreiber testified, SRM is not part of SCM.

elcommerce has not and cannot show that Mr. Schreiber was unprepared to testify regarding the agreed topics, and it should not now be allowed reopen the deposition to expand the scope of its questioning beyond what was agreed to by the parties or into areas whose relevance elcommerce has failed to establish.

### D. The Proposed Remedy Is Overbroad and Violates the Parties' Agreement

elcommerce's requested remedy and proposed order seeks to force Flextronics to comply with elcommerce's original subpoena despite having admitted that it was overbroad and in derogation of the parties' agreement to narrow its scope. (Duquella Decl. ¶ 3.) Furthermore, some topics sought by elcommerce in its current motion are outside the scope of even the original subpoena. As such, this Court should not allow elcommerce to ignore its agreement and the limits of its own subpoena by granting it *carte blanche* in its efforts to further burden third party Flextronics.

## V. CONCLUSION

Despite the fact that elcommerce could have, and did, receive the information it now requests from three SAP witnesses, Flextronics still produced all relevant documents in its possession and provided a witness who was fully prepared and knowledgeable on the agreed topics. Now, after deposing four witnesses and failing to meet and confer, elcommerce should not be allowed to further burden Flextronics, a non-party to the underlying litigation, simply because elcommerce wishes to ask different questions or wants additional documents that do not exist, are irrelevant, or beyond the scope of the parties' agreement or of the original subpoena. Flextronics has fulfilled its discovery obligations, and as such, elcommerce's motion should be denied.

| | |
|---|---|
| Dated: February 2, 2011 | By: /s/ Michel Duquella<br>Michel J. Duquella (Bar No. 174947)<br>Flextronics America, LLC<br>847 Gibraltar Drive<br>Milpitas, CA 95035<br>Telephone: (408) 577-4087<br>Facsimile: (408) 935-8147<br>Michel.Duquella@flextronics.com<br><br>*Attorney for Flextronics America, LLC* |