CHRISTOPHER R. BENSON
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Avenue, Suite 2400
Austin, Texas 78701-2978
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
cbenson@fulbright.com

Attorneys for Plaintiff Elcommcerce.com, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elcommerce.com, Inc., <br><br> Plaintiff, <br><br> v. <br><br> SAP AG and SAP America, Inc., <br><br> Defendant. | Case No. 10-80321 MISC JSW (EMC) <br><br> Civil Action No. No. 2:09–CV–04458–JD, In the Eastern District of Pennsylvania <br><br> **FILED UNDER SEAL** <br><br> **ELCOMMERCE'S REPLY TO FLEXTRONICS' OPPPOSITION TO ELCOMMERCE'S MOTION TO COMPEL FLEXTRONICS** <br><br> Date: February 23, 2011 <br> Time: 10:30 A.M. <br> Place: Courtroom C, 15th Floor <br> Judge: Magistrate Judge Edward M. Chen |

In its opposition, Flextronics ignores its obligation to produce relevant documents and to prepare a 30(b)(6) designee to testify on behalf of the company. elcommerce.com, Inc.'s ("elcommerce") motion to compel discovery from Flextronics America LLC ("Flextronics") should be granted because:

**(1)** elcommerce's subpoena is reasonable in scope and not unduly burdensome;

(2) Flextronics' selective and incomplete document production failed to include documents on the implementation of the accused software and the members of Flextronics' supply chain; and

(3) Flextronics intentionally failed to prepare its 30(b)(6) witness on many issues including implementation and refused to answer questions on the composition of its supply chain.

Accordingly, elcommerce requests that the Court order Flextronics to produce the documents requested in its subpoena and make a 30(b)(6) witness available within twenty (20) days of an Order granting this motion.

## I. ELCOMMERCE COMPLIED WITH LOCAL RULE 37

Flextronics' allegation that elcommerce violated Rule 37-1(a) is inaccurate and misleading. elcommerce informed Flextronics during Mr. Schreiber's deposition on November 18, 2010 that ████████████████████████ ████████████████████████████████████████████████████ ████████████ Opp. Ex. 1, at 141. Then after receiving the deposition transcript elcommerce contacted Flextronics' counsel by email <u>four</u> times and several other times by phone to attempt to resolve Flextronics' deficient document production and 30(b)(6) testimony. Specifically, elcommerce contacted Flextronics counsel by phone and email on December 6th, 10th, 13th, and 14th. Reply Ex. O at 1-3. elcommerce's December 6 letter sent by email informed Flextronics it needed contracts, architectural documents, and supplier information and connectivity and to depose Flextronics regarding its licensing agreements with. Mot. Ex. J.

Flextronics did not substantively respond to any of elcommerce's first three attempts. Reply Ex. O at 1-3. Instead it stated "[w]e'll look into this and get back to you as soon as possible" on December 8th or did not respond at all. *Id.* Finally on December 14th, following elcommerce's fourth attempt, Flextronics sent a letter stating it would not provide additional documents or a witnesses to remedy Flextronics' deficient production and testimony. Mot. Ex. G.

Flextronics declined to remedy its deficient production knowing this would force elcommerce to file a motion to compel. On December 6th and 10th elcommerce had informed Flextronics of the Eastern District of Pennsylvania Court's order to complete discovery of SAP's customers by December 22, 2010 or file motions to compel. Mot. Ex. J, at 2; Reply Ex. O. at 2. Yet Flextronics' refused to offer any further production whatsoever, much less within the proposed time frame. Mot. Ex. G.

Therefore, elcommerce complied with local Rule 37-1(a) by attempting to negotiate with Flextronics. However, through Flextronics' non-responsiveness and Flextronics' letter, Flextronics made clear that it did not intend to remedy its deficient production. Even since the time elcommerce filed its motion to compel, Flextronics has not contacted elcommerce with any offer to remedy its deficient production.

## II. THE SUBPOENA IS REASONABLE IN SCOPE

Flextronics complains that elcommerce's subpoena seeks documents available from SAP. ███████████████████████████████████████████████████████████████ This forced elcommerce to seek information from Flextronics' about Flextronics' implementation of the software. Further, Flextronics' characterization of SAP's testimony is incorrect. Flextronics claims that SAP provided testimony about how its customers—such as Flextronics—configure and use the accused software. Opp. at 4-5. To the contrary, none of the SAP employees meaningfully testified about how Flextronics (or any other SAP customer) implemented and use the accused software.

Following Mr. Averskog's deposition, ███████████████████████████████████████████████████████████ elcommerce subpoenaed Mr. Joshua Clark, who worked for Flextronics and was responsible for Flextronics' implementation of the

DOCUMENT PREPARED ON RECYCLED PAPER

1  accused SAP software between 2007 and 2009. Unbeknownst to elcommerce, SAP
2  hired Mr. Clark away from Flextronics in the Spring of 2010. As an SAP employee,
3  Mr. Clark testified ███████████████████████████████████████
4  ███████████████████████████████████████
5  ███████████████████████████████████████
6  ███████████████████████████████████████
7  ███████████████████████████████████████
8  ███████████████████████████████████████
9  ███████████████████████████████████████
10 ███████████████████████████████████████
11 ███████████████████████████████████████
12 ███████████████████████████████████████
13 ███████████████████████████████████████
14 Reply Ex. P at 29-30, 55. ████████████████
15 ███████████████████████████████████████
16 ███████████████████████████████████████
17 ███████████████
18     Mr. Clark also ████████████████████████
19 ███████████████████████████████████████
20 ███████████████████████████████████████
21 ███████████████████████████████████████
22 ███████████████████████████████████████
23 ███████████████████████████████████████
24 ███████████████████████████████████████
25 ███████████████████████████████████████
26 ███████████████████████████████████████
27 ███████████████████████████████████████
28 ███████████████████████████████████████

DOCUMENT PREPARED ON RECYCLED PAPER

71006324.1

1 | *Id.* at 44-45, 59.

2 | Mr. Clark similarly ███████████████████████████
3 | ███████████████████████████████████████████████
4 | ███████████████████████████████████████████████
5 | ███████████████████████████████████████████████
6 | ███████████████████████████████████████████████
7 | ███████████████████████████████████████████████
8 | ███████████████████████████████████████████████
9 | *Id.* at 55.

10 | Nor could Mr. Clark testify ████████████████
11 | ███████████████████████████████████████████████
12 | ███████████████████████████████████████████████
13 | ███████████████████████████████████████████████
14 | ███████████████████████████████████████████████
15 | ███████████████████████████████████████████████
16 | ███████████████████████████████████████████████
17 | ███████████████████████████████████████████████
18 | ███████████████████████████████████████████████
19 | ███████████████████████████████████████████████
20 | *Id.* 66-67.

As shown above, Flextronics' assertion that Mr. Clark's entire deposition was devoted to testifying about Flextronics' configuration is belied by his actual testimony. It would be accurate to state that Mr. Clark's answers were devoted to how he claimed he did not know how the Flextronics' system worked.

elcommerce also deposed SAP Platinum Principal Consultant for the ICH/SNC product, Mr. Kenton Harman, who ████████████████████ ████████████████████████████████ Reply Ex. Q at 36. However, Mr.

1  Harman testified █████████████████████████████████████
2  ██████████████████████████████████████████████████████
3  ██████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████
5  ████████████████████████████████
6           ████████████████████████████████████████
7           ██████████████████████████████████████████████
8                      ████████████████████████████████
9                      █████████████████████████████████████
10                     ████████████████████████████████████
11          █
12          █████████████████████████████████████████████
13                     █████████████████████████████████████
14                     █████████████████████████████████████
15                     ███████████████████████████████████
16  ████████████████████. Flextronics assertion that Mr. Harman would testify about
17  Flextronics implementation is simply inaccurate. Just like Mr. Clark, Mr. Harman's
18  testimony was devoted to what he claimed he did not know, including his lack of
19  knowledge about Flextronics' and other SAP customers' implementations the
20  accused software.

21      Prior to Mr. Harman, Mr. Averskog repeatedly testified ████████
22  ██████████████████████████████████████████████████████
23  ████████████████████████████████████████████
24  █████████████████████████████████████████████████
25  ████████████████████████████████████████████████
26  ██████████████████████████████
27          █████████████████████████████████████████
28          █████████████████████████████████████████████

DOCUMENT PREPARED
ON RECYCLED PAPER

18 [redacted]

Reply Ex. S, at 213.

15 [redacted]

Reply *Id.* at 252-53.

Therefore, despite Flextronics' contrary assertions, SAP did not provide the information elcommerce seeks from Flextronics. In fact the SAP witnesses all testified [redacted] Flextronics should therefore be ordered to provide the needed information.

## III. FLEXTRONICS SELECTIVE AND INCOMPLETE DOCUMENT PRODUCTION AND 30(B)(6) TESTIMONY VIOLATED THE SUBPOENA AND AGREEMENT OF THE PARTIES

### A. elcommerce did not agree to narrow its subpoena

elcommerce did not narrow the scope of its subpoena or state it was overbroad. Flextronics assertion is directly odds with an email elcommerce sent Flextronics on October 7, 2010 memorializing the Parties' discussions about the subpoena. Reply Ex. T. 2-3.

elcommerce's October 7th email specifically informed Flextronics it sought information pertaining to "Supply Chain Management (SCM)", which is also known as "SAP SCM" and includes SAP SNC/ICH modules. *Id.* elcommerce's October 7 email also identified Netweaver software which includes Exchange Infrastructure (XI) a.k.a. Process Integration (PI), Business Warehouse (BW) and Business Intelligence (BI) and adapters for XI and PI. *Id.* SAP Netweaver is required to run the SCM software including the SAP ICH/SNC modules.

elcommerce also informed Flextronics it needed to depose a Flextronics employee with knowledge of Flextronics' broader "SAP product implementation". Reply Ex. T, at 2-3. Nowhere in the elcommerce's email (or its oral communications) did elcommerce agree to narrow its subpoena as Flextronics suggests. Flextronics is incorrect to assume that elcommerce narrowed or amended its subpoena in any respect. Ex. T at 1. elcommerce's October 7 follow up email clearly indicated the focus of elcommerce's request on:
1. SAP SCM
2. XI / PI
3. Netweaver
4. Business Warehouse
5. Business Intelligence; and
6. Adapters

*Id.* at 2-3. All the items elcommerce currently seeks from Flextronics are included in the above listing.

elcommerce's October 7 email reiterated what its subpoena requested:

"documents sufficient to show Flextronic's installation, implementation, and configuration of the ICH and/or SNC software, as well as the configuration and manner of connections between Flextronics and external supply chain partners (suppliers, customers, etc.)" *Id.* Yet, other than the one page figure Flextronics produced that purported to show some aspect of its implementation (that its 30(b)(6) witness could not confirm as inaccurate), Flextronics has refused to produce any information about how Flextronics implemented the software, including the external connections to its supply chain members (e.g., suppliers, vendors, OEMs, CM, customers). Moreover, Flextronics did not even comply with the obligation it admits to have: to produce information regarding ICH/SNC. Again, Flextronics failed to produce information about its actual software architecture and external connections.

### B. Flextronics' selective testimony and document production was insufficient

Flextronics **alleges** that its 30(b)(6) witness testified at length about how its suppliers use the SAP software. However the testimony Flextronics points to is at best a *general* overview and does not indicate, much less show, how the system *actually* works and provides no information about how Flextronics' implemented the system for any member of the supply chain. Opp. at 6 and Ex. 1 at 36:24-37:9

[redacted]

The supply chain entities (e.g. suppliers, vendors, contract manufactures and customers) that connect to the accused SAP software are relevant to elcommerce's

| | |
|---|---|
| 1 | infringement allegations. The '903 patent claims include: "independent supply |
| 2 | chain site(s)" and/or "supply chain site(s)". Mot. Ex. 1, at Claims 1, 22, 37, 38, 50, |
| 3 | 53, 54.  Furthermore, Flextronics' refusal to provide the identity of its suppliers |
| 4 | deprived elcommerce of its right to cross examine Flextronics about its actual |
| 5 | configurations, implementations, and use of the SAP software. |
| 6 | Although Flextronics alleges that public information identifies Flextronics |
| 7 | "Customers, not suppliers", customers are part of the supply chain. ███████ |
| 8 | ████████████████████████ Yet Flextronics counsel did allow the 30(b)(6) |
| 9 | witness to testify about either type of entity: ███████████████████ |
| 10 | ████████████████████████████████████████████████ |
| 11 | ████████████████████████████████████████████████ |
| 12 | ████████████████████████████████████████████████ |
| 13 | ████ |
| 14 | Flextronics' assertion that it produced all the relevant documents is highly |
| 15 | suspect given that it produced only one simplistic drawing that shows, at best, a |
| 16 | high level figure of a portion of the system (with questionable accuracy), a website, |
| 17 | and a third party document, despite having paid (and continuing to pay) SAP |
| 18 | several million dollars for the accused software. Its production is particularly |
| 19 | suspect given that Flextronics carried out one of the largest implementations of the |
| 20 | accused software in history under SAP's direction, but can point to only these |
| 21 | limited bits of information. Reply Ex. V. |
| 22 | C.   **Mr. Schreiber Failed to Testify About Information Reasonably |
| 23 |      Available to Flextronics** |
| 24 | Whether Mr. Schreiber was the most knowledgeable witness Flextronics |
| 25 | could offer is immaterial because he did not meet the 30(b)(6) standard of being |
| 26 | prepared to testify about information known or reasonably available to Flextronics. |
| 27 | Fed. Rul. Civ. Proc. 30(b)(6). First, Flextronics does not dispute that Mr. Schreiber |
| 28 | testified only about certain aspects of ICH/SNC that Flextronics counsel limited |

DOCUMENT PREPARED
ON RECYCLED PAPER

and selected. Opp. 8. As noted above, Flextronics is incorrect that elcommerce agreed to narrow the scope of the elcommerce's subpoena. For this reason alone, the Court should order Flextronics to produce the information elcommerce requests.

Second, Mr. Schreiber's testimony about Flextronics' ICH/SNC implementation is deficient. Mr. Schreiber testified ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████ As Flextronics admits, the website it produced included "user manuals". Opp. at 8. The user manuals fail to show Flextronics' software implementation. Also, the third party document Flextronics recently produced was not available during Mr. Schreiber's deposition. Not only is its accuracy in question, it was created pre-implementation so it includes only forward looking statements, rather showing Flextronics' actual implementation.

Third, elcommerce informed Flextronics it needed information about Netweaver and its XI / PI, Business Warehouse, Business Intelligence, and Adapters. Ex. T at 2-3. Netweaver software provides the SCM operating system and works hand in hand with the SAP ICH/SNC software. *See* Mot. Ex. C-1, at -736 (figure).

Flextronics uses SRM, which runs on or works together with SCM, ICH/SNC, and Netweaver. *Id.* Furthermore, SRM is an accused product in this litigation and is sold together with SCM. Opp. Ex. 2; Mot. Ex. C-5. Indeed, elcommerce specifically informed Flextronics it needed information about and Flextronics' broader "SAP product implementation", and the "configuration and manner of connections between Flextronics and external supply chain partners (suppliers, customers, etc.) in its October 7 email," which necessarily includes SRM. *See* Reply Ex. T at 2-3. ████████████████████ ██████████████████████████████████ The SRM software also connects Flextronics to external supply chain partners. Reply Ex. U at 5 ("mySAP SRM extends the benefits of collaboration to all trading partner within your

extended supply base...").

IV. **CONCLUSION**

As shown above, Flextronics' production is improperly selective, limited and deficient. elcommerce should not prejudiced by Flextronics' failure to produce response documents and testimony in the first instance. Flextronics' assertion that it need not produce additional information attempts to deprive elcommerce any remedy it has to hold Flextronics to its discovery obligations. Given Flextonics has failed to take reasonable steps to prepare its 30(b)(6) witness and collect responsive information, the Court should compel Flextronics to fully respond to elcommerce's document and deposition subpoena.

Dated: February 9, 2011

Respectfully submitted,
Christopher R. Benson
**FULBRIGHT & JAWORSKI L.L.P.**

By /s/ Christopher R. Benson
Christopher R. Benson
Attorneys for Plaintiff
Elcommcerce.com, Inc.

## CERTIFICATE OF SERVICE

I certify that this pleading was served in accordance with the Federal Rules of Civil Procedure on all known counsel of record on February 9, 2011.

/s/ Christopher R. Benson
Christopher R. Benson